**Leonard WILLIAMS, Plaintiff–Appellant,**

v.

**Donald CLELAND, et al., Defendants–Appellees.**

No. 02–4274.

United States Court of Appeals, Sixth Circuit.

June 13, 2003.

Before BATCHELDER and CLAY, Circuit Judges; and SCHWARZER, District Judge.*

---

\* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

*ORDER*

Leonard Williams, proceeding pro se, appeals a district court order that dismissed his civil suit pursuant to 28 U.S.C. § 1915(e). The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Proceeding *in forma pauperis* and claiming violations of his civil rights and Ohio tort law, Williams sued the Cuyahoga County Sheriff, a Sheriff's detective, the Sheriff's Office, an Ohio judge, two prosecutors, and Cuyahoga County itself. Williams claimed that he was made to stand disrobed in front of his house while a search warrant was executed; however, he did not claim that any named defendant was personally involved in the search or that the search was performed pursuant to an official policy or custom.

The district court dismissed Williams's suit under § 1915(e).

In his timely appeal, Williams argues that the district court erred by dismissing his suit under § 1915(e). The defendants have not been served and have not filed a brief.

We review de novo a judgment dismissing a suit as frivolous and for failure to state a claim upon which relief may be granted under § 1915(e)(2)(B). *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous where it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Upon review of Williams's appellate contentions--which essentially repeat his district court claims--and the district court's exhaustive analysis of Williams's complaint, we conclude that a detailed per curiam opinion would be duplicative and serve no useful purpose.

Accordingly, we affirm the district court's judgment for the reasons stated by that court in the memorandum of opinion dated September 26, 2002. Rule 34(j)(2)(C), Rules of the Sixth Circuit.